UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ANTHONY ROCKWOOD, JR., :
          Plaintiff, :
 :
v. :
 : **OPINION AND ORDER**
CENLAR FSB; FREEDOM MORTGAGE :
CORPORATION a/k/a FREEDOM HOME : 17 CV 10153 (VB)
MORTGAGE CORPORATION; STEIN, :
WEINER & ROTH LLP; PAUL A. WALTERS, :
ESQ.; and MORTGAGE ELECTRONIC :
REGISTRATION SYSTEMS, INC., :
          Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Anthony Rockwood, Jr., pro se, brings this action against defendants Cenlar FSB ("Cenlar"), Freedom Mortgage Corporation ("Freedom"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Paul A. Walters, Esq., and Stein, Weiner & Roth, LLP ("SWR"). Plaintiff brings claims for unlawful foreclosure against Cenlar and Freedom and for fraud against MERS, Walters, and SWR. Plaintiff seeks $9,000,000 in damages and to have the Court declare the underlying foreclosure action (the "Foreclosure Action") null and void.

      Before the Court is Cenlar, Freedom, and MERS's motion to dismiss the complaint pursuant to Rule 12(b)(6). (Doc. #4). SWR joins in the motion by affidavit but also asserts the Court lacks subject matter jurisdiction. (Doc. #7). Although there is no indication Walters has been served, nor has Walters appeared in the case, the arguments raised in the motion apply equally to him.

      Plaintiff failed to oppose the motion despite having been granted an extension of time to do so. (Doc. #6). The Court therefore deemed the motion fully submitted and unopposed. (Doc. #8).

1

For the following reasons, defendants' motion is DENIED. However, because the Court lacks subject matter jurisdiction in this case, the case is remanded to Supreme Court, Westchester County.

**BACKGROUND**

For the purpose of deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as set forth below.

Plaintiff is heir to and administrator of Lorraine Wright's estate. On October 11, 2006, Wright executed and delivered a note for $379,500.00 to Freedom, which was secured by a mortgage with MERS serving as nominee for Freedom. The mortgage was recorded against real property located at 339 South 7th Avenue, Mount Vernon, New York 10550 (the "Property"), and later purportedly assigned to Cenlar.

Wright defaulted on her loan payments. On November 19, 2012, Cenlar instituted the Foreclosure Action in Supreme Court, Westchester County, against plaintiff as Wright's heir and administrator of her estate. Walters represented plaintiff in the Foreclosure Action.

On December 9, 2013, the state court granted summary judgment in Cenlar's favor and, on May 23, 2014, issued a judgment of foreclosure and sale. On February 25, 2016, the state court stayed the imminent foreclosure sale and, on May 27, 2016, required Cenlar to evaluate plaintiff's proposed loan modification. On February 24, 2017, plaintiff again moved to stay the foreclosure sale, but the state court rejected it as moot because the sale had occurred the same day.

Plaintiff commenced the instant action on October 23, 2017, in Supreme Court, Westchester County. On December 28, 2017, Cenlar, Freedom, and MERS, with SWR's consent, removed the action to this Court because, in plaintiff's summons, plaintiff purported to

assert federal claims for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

## DISCUSSION

I.   Legal Standard

"'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). "A 'case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). The party invoking the Court's jurisdiction bears the burden of establishing that jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

When deciding whether subject matter jurisdiction exists at the pleading stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Conyers v. Rossides, 558 F.3d at 143. "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). When a factual challenge to the Court's jurisdiction has been raised, "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." Zappia Middle E. Constr. Co., Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000). When a defendant moves to dismiss for lack of subject matter

jurisdiction and on other grounds, the court should consider the Rule 12(b)(1) challenge first. Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II. Subject Matter Jurisdiction

Plaintiff purports to assert claims under RESPA and FDCPA in his state court summons, but fails to plead those claims in his complaint. Instead, liberally construed, plaintiff's complaint asserts claims for unlawful foreclosure against Cenlar and Freedom, and for fraud against MERS, SWR, and Walters.

SWR argues the Court should dismiss plaintiff's claims for unlawful foreclosure and fraud, presuming those claims involve federal law, because the Rooker-Feldman doctrine deprives the Court of subject matter jurisdiction over them.

The Court agrees. However, the proper remedy is remand, not dismissal.

The Rooker-Feldman doctrine bars federal courts from adjudicating claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Four requirements

4

must be met for the doctrine to apply: (i) the federal court plaintiff must have lost in state court, (ii) the plaintiff must complain of injuries caused by a state court judgment, (iii) the plaintiff must invite district court review and rejection of that judgment, and (iv) the state court judgment must have been rendered before the district court proceedings commenced. Id. "Courts in this circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman Doctrine." Francis v. Nichols, 2017 WL 1064719, at *4 (S.D.N.Y. Mar. 21, 2017) (citation omitted).[1] When claims have been removed from state court to federal court, and it appears that the district court lacks subject matter jurisdiction, the case must be remanded. Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014).

Plaintiff lost in the Foreclosure Action when the state court issued a judgment of foreclosure and sale in favor of Cenlar on May 23, 2014, well before this action was commenced on October 23, 2017. Therefore, the first and fourth elements are satisfied.

As to the second and third elements, Rooker-Feldman bars claims that ask a court to find a defendant lacked standing to pursue foreclosure in a prior state court action, because such claims require a court to sit in review of the state court judgment. See Francis v. Nichols, 2017 WL 1064719, at *4. Plaintiff's claims against Cenlar and Freedom for wrongful foreclosure would require the Court to find Cenlar wrongfully asserted its standing to initiate the Foreclosure Action. Thus, those claims are barred.

With respect to plaintiff's claims for fraud, "[f]raud claims are not barred by Rooker-Feldman if (i) they seek damages for injuries suffered from the alleged fraud and (ii) their adjudication 'does not require the federal court to sit in review of the state court judgment.'"

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d. Cir. 2009).

Francis v. Nichols, 2017 WL 1064719, at *5 (quoting Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d at 427).

Here, plaintiff's claims for fraud against MERS, Walters, and SWR essentially dispute the validity of the foreclosure action by challenging MERS's title to the mortgage note and the fairness of the state court proceedings. Thus, deciding those claims would require a ruling that the foreclosure was improper. Rooker-Feldman therefore bars those claims.

Accordingly, because the Rooker-Feldman doctrine deprives this Court of subject matter jurisdiction over any of plaintiff's arguably federal claims, and because there is plainly no other basis for the exercise of subject matter jurisdiction, the case must be remanded to state court.

## CONCLUSION

Defendants Cenlar, Freedom, MERS, and SWR's motion to dismiss is DENIED. However, because the Court lacks subject matter jurisdiction in this case, the case must be remanded to Supreme Court, Westchester County.

The Clerk is instructed to terminate the motion (Doc. #4) and remand this case to Supreme Court, Westchester County.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: May 8, 2018
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge